UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA
MIAMI DIVISION
CASE NO.  15-20614-cv-OTAZO-REYES

MELVIN MANUEL LOPEZ OSORIO
and all other similarly situated
under 29  U.S.C. ç 216(b),

    Plaintiff,

v.                                                                  CONSENT CASE

ART LANDSCAPING, CORP., and
ALEXANDER ACOSTA,

    Defendants.
_____/

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT
IN SUPPORT OF HIS RESPONSE TO SUMMARY JUDGMENT**

Defendants, ART LANDSCAPING, CORP., and ALEXANDER ACOSTA, together referred to as "COMPANY", through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 (c)(2) and 7.1 (a), move the Court to strike all or portions of the declarations filed by Plaintiff in Opposition to Summary Judgment and all references to or from the Affidavit in his Response and Statement for Opposing Facts and as grounds for the relief sought state:

1. At deposition Plaintiff was asked if he wrote or understood English and he responded "*No*" to each question, respectively. See Appendix to Summary Judgment, Tab A Osorio Depo. p. 75: -12.

2. Indeed, Plaintiff requested and was provided the assistance of a court-certified Spanish speaking interpreter at his deposition because he was not fluent in English. ,Id, p.  3:1,7.

3. Yet, Plaintiff's affidavit submitted as an exhibit in support of his opposition to summary judgment is in English and allegedly was translated to him by Mary A. Waller, who is known to be an employee of Plaintiff's counsel's law firm.

4. Ms. Waller is not a court certified interpreter and further has an interest in the lawsuit by virtue of her employment.

5. Furthermore, Plaintiff's affidavit contains hearsay, conclusions of law, and speculative statements which are unsupported by competent substantial evidence.  Portions of the affidavit also contradict Plaintiff's previous, sworn answers to Interrogatories and clear answers he gave at deposition.

6. Defendants conferred with Plaintiff concerning the grounds for this motion and represent that Plaintiff opposes the relief sought.

## MEMORANDUM OF LAW

FRCP 56(c)(4) requires affidavits in opposition to summary judgment to "set forth such *facts* as would be admissible in evidence, and ... show affirmatively that the affiant is **competent to testify** to the matters stated therein."  A "black-letter requirement" of affidavits is that they must be rooted in facts, rather than conclusions. HomeBingo Network, Inc. v. Chayevsky, 428 F. Supp. 1232, 1239 (S. D. Ala. 2006).  Finally, a party may not offer a declaration that contradicts without explanation clear answers to previously asked questions. Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984).

An affidavit that fails to meet Rule 56(c)(4)'s standards is subject to a motion to strike.  Gore v. GTE South, 917 F. Supp. 1564, 1571 (M.D. Ala. 1996), citing Southern Concrete Co. v. United States Steel Corp., 394 F. Supp. 362, 380 (N.D. Ga. 1975),

aff'd., 535 F. 2d 313 (5th Cir. 1976).   See also Ellison v. Logan, 2009 U.S. Dist. LEXIS 40667 (M.D. Fla. 2009)   Plaintiff's Affidavit does not meet the requirements of FRCP 56(c)(4) for several reasons.

First, there is no proof that the person identified as "Ms. Waller" in the notarial attestation is a court certified interpreter or someone who otherwise meets the requirements of Fed.R.Evid. Rules 604 and 901.   See Cruz v. Aramark Services, Inc., 213 Fed. Appx. 329 (5th Cir. 2007); Miranda v. Sweet Dixie Melon Company, 2009 U.S. Dist. LEXIS 40343,(M.D. Ga. 2009) and cases cited therein, and Jack v. Trans World Airlines, Inc., 854 F.Supp. 654, 659 (N.D. Ca. 1994).   In addition, Ms. Waller is not a neutral interpreter since she is employed by Plaintiff's counsel's law firm.

Secondly, the attestation must be stricken because it speculates that Plaintiff "fully understood and affirmed the contents..."   An affiant must establish an adequate foundation for her knowledge of the facts stated in the declaration. Hill v. Oil Dri Corp., 198 Fed. Appx. 852, 855 (11th Cir. 2006); Evers v. General Motors Corp., 770 F. 2d 984, 986 (11th Cir. 1985); Williams v. Hager Hing Co., 916 F. Supp. 1163, 1168 (M.D. Ala. 1995).   Ms. Waller – as an affiant-- does not state the basis for her belief that Plaintiff "fully understood and affirmed the contents."   Due to these deficiencies, the translation from Spanish to English by Ms. Waller is hearsay.   See, U.S. v. Curbelo, 726 F.3d 1260 (11th Cir. 2013).

Thirdly, the Affidavit itself contains inconsistent parts, in addition to conflicting with Plaintiff's Interrogatories and deposition testimony.   Plaintiff's statement in ¶32 of his Affidavit that his "true hours worked were not actually ever[y] recorded" contradicts other parts of his Affidavit, specifically ¶ 26, where Plaintiff acknowledges and describes

the timekeeping methods that COMPANY had in place, and states "Chico was responsible for punching my card in and out every day. The only time reflected on the weekly time card I ever saw was Monday morning's punch in time because it was placed there by 'Chico' before I came to the office to sign ***at the end of any given work week***." Affidavit, p. 5: ¶32. Another glaring contradiction in the Plaintiff's account is the fact that in his Interrogatories, Defendant describes, in detail, ***his own personal involvement*** in keeping track of his time records. Plaintiff's Interrogatories, 2(k). However, he subsequently changes and contradicts his position in his Affidavit when he alludes to being "…required to accept that someone from the office would punch out the time card on my behalf…" Affidavit, ¶19.

For all of these reasons, Plaintiff's Affidavit must be stricken in its entirety and the Court should not consider any allegations referencing the affidavit in Plaintiff's response.

WHEREFORE, Defendants move the Court to strike Plaintiff's Affidavit in opposition to Defendants' Motion for Summary Judgment.

>Respectfully Submitted,
>LANGBEIN & LANGBEIN, P.A.
>Counsel for the Defendants
>8181 NW 154th Street, Suite 105
>Miami Lakes, FL 33016
>Tel: (305) 556-3663
>Fax: (305) 556-3647
>Email: langbeinpa@bellsouth.net
>
>By:  /s/ Leslie W. Langbein
>       Leslie Langbein, Esq.
>       Fla. Bar No. 305391
>
>By:  /s/ Jihane Elizee
>       Jihane Elizee, Esq.
>       Fla. Bar No. 0121510

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 16, 2016 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission

By: /s/ Leslie W. Langbein
     Leslie W. Langbein, Esq.

By: /s/ Jihane Elizee
     Jihane Elizee, Esq.

## SERVICE LIST

J.H. ZIDELL, P.A.
David Kelly, Esq.
Stephen Fox, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: davidkelly38@rocketmail.com
Attorney for the Plaintiffs